UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ILYA NISONOV**, | ) | Case No.  1:06 CV 1866 |
| | ) | |
| Petitioner, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **MAGGIE BEIGHTLER**, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner Ilya Nisonov is a prisoner in state custody following his counseled and negotiated guilty plea to one count of drug trafficking with major drug specification on November 10, 2003. (Respondent's Exhibit 3).  At the same time Nisonov was sentenced to 10 years as agreed.  (See Ohio Rev. Code §2953.08(D)(1) change of plea with jointly recommended sentence ).  No appeal was taken.  Years later on March 14, 2005 Nisonov filed a counseled motion to withdraw guilty plea pursuant to Ohio R. Crim. P. 32.1, and on February 17, 2006, a motion for mitigation of sentence. These motions were denied on April 13, 2006 by the trial court without opinion (Respondent Ex. 7, ECF # 10-8), and again no appeal has been taken.  Nisonov's grievance was that two co-defendants had contacted the prosecutor and their motions to withdraw guilty pleas and for mitigation of sentence were granted. The two co-defendants entered guilty pleas in exchange for 4 year reduced sentences from their original 8 year sentences  (See Resp. Ex. 4, 5, 6).

Nisonov is now before the federal court seeking federal corpus relief pursuant to 28 U.S.C. §2254 in this counseled petition.  Nisonov understands that there are several procedural barriers to his claims but he nonetheless argues that there was an inherent unfairness in continuing his 10-year

1:06 CV 1866                                   2

sentence in contrast to two co-defendants who renegotiated their sentences from 8 to four years. (Resp. Ex. 7). He raises two grounds for federal collateral relief.


*Exhaustion*:

The federal courts have authority to *sua sponte* raise and consider the defense of lack of exhaustion of state remedies.  See *Whiting v. Burt*, 395 F.3d 602, 610 (6th Cir. 2005); *Clinkscale v. Carter*, 475 F.3d 430, 436-37 (6th Cir. 2004); *Harris v. Rees*, 794 F.2d 1168 (6th Cir. 1986). Exhaustion occurs when there is an absence of state corrective process.  See 28 U.S.C. §2254(b)(1)(B)(I); *Engle v. Isaac*, 456 U.S. 107, 125 N. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1983); *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970) (no effective state remedy).  Nisonov concedes that he did not appeal from his conviction and sentence or from the denial of his motions for mitigation and to withdraw his guilty plea.


> *Ground One:*  The trial court violated the United States Constitution's Fourteenth
> Amendment guarantee of due process by denying a hearing on the
> petitioner's motion to withdraw his plea.


In his first ground Nisonov complains that he was denied a hearing on his Rule 32.1 Motion to withdraw plea. Nisonov argues that he has exhausted state remedies for the reason that there are no state remedies available.  Respondent agrees arguing mistakenly that Ohio procedural law does not permit delayed appeals pursuant to Ohio App. R. 5(A) in cases involving post-conviction relief pursuant to Ohio Rev. Code §2953.21. ( See Answer p. 22, ECF #9). Motions to withdraw guilty pleas made under Ohio R. Crim. P. 32.1 are not governed by Ohio's post-conviction statutes. *State*

1:06 CV 1866                                3

*v. Bush*,  96 Ohio St.3d 235, 773 N.E.2d 522 (2002).  More importantly,  the state courts recognize that a right to delayed appeal from a post-conviction motion to withdraw guilty plea exists under Ohio R. Crim. P. 5(A).  See *State v. Blackwood*, 2004 WL 906191 at *1 (Ohio App. 8 Dist.); *State v. Kramer*, 2004 WL 1152941, at *2 (Ohio App. 10 Dist.); *State v. Lopez*, 2005 WL 1707014 at *2 (Ohio App. 8 Dist.); *State v. Bell*, 2007 WL 1848752, at *4 (Ohio App. 8 Dist.); *State v. Cox*, 2007 WL 2410334 at *2 (Ohio App. 11 Dist.).  Accordingly, the court is confronted with an unexhausted habeas corpus ground for which Nisonov may yet seek a delayed appeal from the denial of his motion to withdraw guilty plea.

A stay and abeyance procedure is available in these circumstances which permits the district court to order a stay in the federal habeas corpus matter while petitioner returns to the state courts to exhaust state remedies.  See *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).  However, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court . . . [and] even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

1:06 CV 1866                                        4

*Lack of good cause*:

There is not good cause for Nisonov's failure to exhaust state remedies.  Nisonov was represented by counsel in his Ohio Crim. P. 32.1 motion to withdraw plea (Respondent's Ex. 4, ECF #10-5), and again this federal habeas corpus petition. (See ECF #1). He simply by-passed his state appeal by seeking redress from the April 13, 2006 trial court ruling by filing for federal habeas corpus on August 2, 2006.  No valid reason is given why Nisonov could not have timely appealed from the trial court's ruling.  He disingenuously argues that counsel was ineffective, and that he had no way of knowing that his appeals were not being filed. (Petitioner's Memorandum at 9, ECF # 2). Nisonov never makes a clear statement, though, that he had instructed former counsel to file an appeal.  Instead he asserts that "unfamiliarity with American society and its justice system prevented him from timely filing" (Petitioner's Memorandum at 7, ECF #2).  If he had been *un*represented by counsel this statement would carry some weight.  However, he had the assistance of counsel at all times.  Nisonov has not shown good cause for his failure to pursue state remedies.


*"Plainly meritless:"*

It would have been helpful had the Supreme Court defined what was meant by this phrase. Nisonov's first ground does not present issues for overturning a state court decision on federal collateral review. Habeas corpus review is collateral review where the court does not review the correctness of the state court judgment, "but the lawfulness of the petitioner's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct 2546, 2554, 115 L.Ed.2d 640 (1991); *Fay v. Noia*, 372 U.S. 391, 430, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963).  The essence of habeas corpus is an attack by a person in custody upon the legality of that custody; the traditional function of the writ

1:06 CV 1866                                    5

is to secure release from illegal custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  A petition for federal habeas corpus relief under 28 U.S.C. §2254 must directly dispute the fact or duration of confinement.  *Id.*, at 500; *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1996).  The "fact or duration" of physical confinement is at the core of federal habeas corpus.  *Preiser*, 411 U.S. at 489-90.  A ground for relief that  challenges the correctness of a judicial proceeding and does not dispute the detention itself, is not cognizable. See *Kirby*, at 247-48. In sum, this argument fails to raise a cognizable claim for habeas review.

But whether it is "plainly meritless" may or may not rest on the standard for federal collateral review because the Supreme Court has yet to define this phrase.  In any event, Nisonov cannot possibly prevail on this argument.  The decision whether to hold a hearing on a post-conviction motion to withdraw guilty plea rests upon the sound discretion of the trial court as both a matter of state and federal law.  See *U.S. v. Browne*, 318 F.3d 261, 264-65 (1st Cir. 2003); *U.S. v. Winston*, 34 F.3d 574, 578 (7th Cir. 1994); *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977) (syllabus ¶2); *State v. Francis*, 104 Ohio St.3d 490, 500, 820 N.E.2d 1355, 1364-65 (2004).  Nisonov's motion to withdraw plea does not attack his negotiated guilty plea's validity, but demands similar treatment be given to him to obtain a reduced sentence (Respondent's Ex. 4).  Further, he does not present similar facts or circumstance to establish that he was similarly situated as his codefendants so as to be entitled to withdraw his plea for the same reasons.  In this situation his "me too" argument fails to demonstrate "manifest injustice."   See *State v. Smith*, 49 Ohio St.2d 261 (syllabus ¶ 1); Ohio R. Crim. P. 32.1 (to correct "manifest injustice"). He presents nothing to demonstrate that the state trial

1:06 CV 1866                                                        6

court abused its discretion in adjudicating his motion to withdraw guilty plea without holding a hearing. Accordingly, his first ground is most assuredly meritless and a stay is unwarranted.

However, having undertaken analysis of the first ground, it is recommended that the court exercise its authority under 28 U.S.C. §2254(b)(2) that, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to exhaust the remedies available in the courts of the State,." to deny the petition as the first ground lacks merit.

> *Ground Two:*  The sentence in this case is a violation of petitioner's  Due Process
> Rights under the 14th Amendment to the Constitution.

The second ground is a bit more difficult to analyze. This ground has been exhausted due to the lack of an available state remedy, but not for the reasons petitioner and respondent present. Nisonov is claiming that he was denied due process due to the trial court's parochialism in sentencing. He states that he was denied a reduction in sentence for the reason that unlike two of his co-defendants, he was from New York but they were from Ohio.  He bases his claim on an off-the-record statement allegedly made by the trial court in denying the motion to withdraw guilty plea that Attorney Harvey Bruner overheard the trial judge remark, "New York makes, Ohio takes."(Petitioner's Memorandum at 3, ECF # 2). Nisonov interprets this remark as evidence of discriminatory sentencing against non-residents in violation of the commerce clause and equal protection under the Fourteenth Amendment. (Petitioner's Memorandum at 12-13).

1:06 CV 1866                                    7

This argument did not appear in Nisonov's motion to withdraw his guilty plea, and appears to present a new claim which was never presented to the state courts. However, this claim is exhausted. Nisonov is asserting an alleged off-the-record hearsay statement. State jurisprudence limits  direct or delayed appeal to the transcript of the record or one of the approved transcript substitutes identified in Ohio App. R. 9.  See *Merillat v. Fulton Cty. Bd. of Commrs.*, 73 Ohio App.3d 459, 597 N.E.2d 1124 (1991); *McAuley v. Smith*, 82 Ohio St.3d 393, 396, 696 N.E.2d 572 (1998); *Paulin v. Midland Mut. Life Ins. Co.*, 37 Ohio St.2d 109, 112, 307 N.E.2d 908 (1974).  When allegations are based on the evidence outside the record, those arguments must be raised as a post-conviction matter under Ohio Rev. Code §2953.21.  See *State v. Rodriguez*, 65 Ohio App. 3d 151, 583 N.E.2d 347(1989), *motion overruled*, 49 Ohio St.3d 717(1990). This procedure is more commonly used with respect to allegations of trial counsel's ineffectiveness. See  *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d. 169 (1982); *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983); *State v. Jackson*, 64 Ohio St.2d 107, 111-12, 413 N.E.2d 819 (1980). There is a timeliness requirement under this statute of 180 days, and Nisonov presents nothing to overcome this bar to excuse untimeliness under Ohio Rev. Code §2953.23(A).This state remedy has been exhausted in the sense that it is now unavailable.

Because the second ground has been exhausted, respondent is correct that this ground has not been "fairly presented" in the state courts, and hence is procedurally defaulted. The substance of the federal claims submitted for habeas corpus review must be "fairly presented" to the state's highest court because only in this manner will the state courts have been provided with a fair opportunity to pass upon and correct alleged violations of federal rights. See *Anderson v. Harless*,

1:06 CV 1866                                    8

459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982);  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 888, 130 L.Ed.2d 865, 868 (1995); *Baldwin v. Reese*, 541 U.S. 27, 32-34, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." *Jacobs. v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

       Failure to fairly present the federal ground to the state's highest court constitutes a procedural default or waiver barring federal habeas corpus review. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S.Ct. 1728, 1732-34, 144 L.Ed.2d 1 (1999)("Whether a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has *properly* presented his claims to the state courts. Because we answer this question "no," we conclude that Boerckel has procedurally defaulted his claims."); *Teague v. Lane*, 489 U.S. 288, 297-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (14th amendment equal protection claim is forfeited following exhaustion of state remedies and failure to raise claim to state courts); and  see  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991). [1]  The fair presentation principle further applies not only to those situations where the petitioner has failed to raise his claim to the state's highest court for review, but also where it has been presented "in such

_____

       [1]  When state court decision does not clearly and expressly rely on independent and adequate state ground, the federal court may  address petition.  " This rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.  In such a case there is a procedural default for purposes of habeas corpus. . ."
*Coleman v. Thompson*, 501 U.S. at 735 n.1, 111 S.Ct. at 2557 n.1.

1:06 CV 1866                                    9

a manner that the state court could not, consistent with its own procedural rules, have entertained it."  *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000).

This procedural default serves to protect the integrity of the federal exhaustion rule "by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state court's having had the opportunity to correct the constitutional violation in the first instance."  *O'Sullivan*, 526 U.S. at 844, 119 S.Ct. at 1732; see also *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); and *Edwards v. Carpenter*, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000) (discussing the "inseparability" and "interplay" of the exhaustion rule and the procedural-fault doctrine in giving state courts a fair opportunity to pass upon petitioner's claims).

Not only is review barred by the federal doctrine as expressed in *O'Sullivan, Teague* and *Edwards*, but it is also a state procedural bar and the failure to present the ground to the state's highest court provides an adequate and independent state procedural rule to bar habeas review.  See *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied,* 546 U.S.821 (2005).

In this situation, federal collateral review is barred, but Nisonov  may overcome this bar by a  demonstration of "cause" and "prejudice" to excuse the failure to present a constitutional claim to the state's highest court, or alternatively by showing actual innocence.  See *Edwards v.*

1:06 CV 1866                                     10

*Carpenter*, 529 U.S. 446, 451-52, 102 S.Ct.1587, 1590-92, 146 L.Ed2d 518 (2000); *House v. Bell*, -U.S.-, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971). Actual innocence means "factual innocence not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).


Nisonov argues ineffective assistance of counsel as one of his grounds for cause."[A] claim of ineffective assistance,"..., generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter,* 529 U.S. at 452, 120 S.Ct. at 1591, quoting *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Since he did not "fairly present" this argument also to the state courts, it has been waived as grounds for cause. See *Haliym v. Mitchell*, 492 F.3d 680, 691 (6th Cir.2007)


Nisonov alternately argues his foreign origin as cause. "To establish cause, [petitioner] must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley,* 492 F.3d 347, 358 (6th Cir. 2007); and see *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir.2002) (holding that the prosecution's withholding of *Brady* evidence from the petitioner's attorneys qualified as a "substantial reason for the default that is external to [the petitioner]"); *Murray*, 477 U.S. at 492 . Consequently, this foreign origin argument has been rejected as invalid. See *Odanuyi v. Scott,* 41 Fed.Appx. 854, 864, 2002 WL 1357215, **10 (7th Cir.2002) ("Odanuyi first argues that the fact that she was a foreign national, with little schooling and no knowledge of this country's legal system or her constitutional rights, constitutes cause excusing the default. But this is not an external impediment and thus cannot constitute "cause." See *Cawley v. DeTella*, 71 F.3d

1:06 CV 1866                                             11

691, 696 (7th Cir.1995) (claim that petitioner suffered from depression not sufficient to constitute

cause); *Haley v. United States*, 78 F.3d 282, 285 (7th Cir.1996) ( pro se status does not constitute

cause); *Barksdale v. Lane*, 957 F.2d 379, 385-86 (7th Cir.1992) (same); *Henderson v. Cohn*, 919

F.2d 1270, 1272-73 (7th Cir.1990) (illiteracy and limited education do not constitute cause)”).


        As for actual innocence, this is not a factor demonstrated by Nisonov. Accordingly federal

review of the second ground is barred for lack of “fair presentation” in state court.


        Assuming that this procedural default did not exist, Nisonov’s second ground provides no

basis for granting the writ.  To retread the well-worn path, a district court has very restricted

Congressionally granted powers for review under 28 U.S.C. §2254(d).  See *Williams v. Taylor*, 529

U.S. 362, 402-03, 117 S.Ct. 1495, 146 L.Ed.2d 389 (2000)*; Bell v. Cone*, 535 U.S. 685, 122 S.Ct.

1843, 1852, 152 L.Ed.2d 914 (2002).  The phrases “contrary to” and “unreasonable application” are

not the same.   Under the “contrary to” standard of review, the state court’s decision is “contrary

to” clearly established federal law when it “confronts a set of facts that are materially

indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

different from [this] precedent.” *Lockyer v. Andrade*, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 1175, 155

L.Ed.2d 144 (2003); *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389

(2000); *Mitchell v. Esparza*, 540 U.S. 12, 15, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003).  Under those

circumstances the Supreme Court has held that the federal court on habeas review may grant the

writ.  *Id.*  The phrase “clearly established Federal law” refers to holdings, as opposed to *dicta,* of

1:06 CV 1866                                                    12

the U.S. Supreme Court at the time of the relevant state court decision.  *Lockyer*, 538 U.S. at 71-72,

123 S.Ct. at 1172; *Williams v. Taylor*, 529 U.S. at 412; *Bell v. Cone*, 535 U.S. at 698.


Under the "unreasonable application" standard the state court would identify the correct

governing legal principle from the Supreme Court's decisions but unreasonably apply that principle

to the facts of the prisoner's case. See  *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462,

162 L.Ed.2d 360 (2005); *Williams*, 529 U.S. at 413; *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123

S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003).  The unreasonable application of Supreme Court

precedent must, however,  be "objectively" unreasonable.  *Id.,* 529 U.S. at 409, 120 S.Ct. at 1521;

*Wiggins, supra,* at 520-21.  When the state court has rendered a decision, the federal reviewing court

may not grant the writ in its "independent review of the legal question."  *Lockyer v. Andrade*, 538

U.S. at 75.


It is clearly established law that sentencing must satisfy the due process clause. See *Gardner*

*v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1204-05, 51 L.Ed.2d 393 (1977).  However, no

majority or plurality decision from the U.S. Supreme Court has set forth a governing federal

principle with respect to due process and parochialism.[2]  As illustrated by Nisonov's memorandum,

he too cannot point to any clearly established Federal law to support this disparate sentencing

argument.

---

[2]  Justices Brennan and Marshall had, though, in *Pulley v. Harris* expressed in their dissent that parochialism was the second type of error in capital punishment sentencing which could be eliminated with comparative proportionality review. See *Id.*, 465 U.S. 37, 69 n.5, 104 S.Ct. 871, 889 n.5, 79 L.Ed.2d 29 (1984).

1:06 CV 1866                                                     13

The legal basis for Nisonov's argument first appeared in *U.S. v. Diamond*, which did not tie vacating the sentence to any constitutional principle-rather the court was concerned over the appearance of unfairness due to parochialism in sentencing, hence bias.[3] *Id.*, 561 F.3d 557, 559 (4th Cir. 1977).  The Ohio Supreme Court noted *Diamond,* and elevated parochialism to a due process violation in *dicta. See State v. Arnett*, 88 Ohio St.3d 208, 218, 724 N.E.2d 793, 801 (2000).[4]  The Supreme Court, though, has not undertaken review of this issue in any binding form.  Consequently, there is no legal comparator to ascertain whether a state court decision on parochialism in sentencing is contrary to or an unreasonable application of clearly established Federal law.

Additionally, if what Nisonov seeks is proportionality review, this exists under the Eighth Amendment, not the Fourteenth. See *Solem v. Helm*, 463 U.S. 277, 289-290, 103 S.Ct. 3001, 3009-10, 77 L.Ed.2d 637 (1983). The Eighth Amendment does not require strict proportionality between the crime and sentence.  See *Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).  However, following state court scrutiny of such a claim, the Supreme Court's decision in *Lockyer v. Andrade*

---

[3]  "In sentencing defendants, who were non-residents of the district in which they were tried and in which the crime was committed, the district judge stated:

> I don't know that I suppose you have a constitutional right to commit a crime wherever you want to commit it. But the Court takes a dim view of people coming down from New York to commit their crimes in Virginia. Now, I suppose that that is grounds for appeal, but I will state it right for the record. If they want to live and have their being in the State of New York, then let them have their source of a livelihood in the State of New York. If that livelihood is crime, then commit it up there . . . ."

*U.S. v. Diamond*  561 F.2d 557, 559 (4th Cir.1977)

[4] Other published decisions citing *U.S. v. Diamond*, for parochialism in sentencing include: *Jackson v. State*, 364 Md. 192, 200-01, 772 A.2d 273, 277-78 (2001); and  *U.S. v. Bakker*, 925 F.3d 728, 741 (4th Cir. 1991)(noting *Diamond* but vacating sentence on religious comments by sentencing judge).

1:06 CV 1866                                          14

illustrates that as a practical matter there would be very little that the district court could do by way of federal collateral relief.  *Id.*, 538 U.S. 63, 73, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003). [5] Again, the practical effect is that  the state decision will not be contrary to nor an unreasonable application of clearly established Federal law.

*Timeliness:*

Respondent's primary argument is that his petition is time-barred under 28 U.S.C. §2244(d)(1)(A).  However, §2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" is the appropriate starting point.  Respondent argues that at the time of sentencing in 2003 Nisonov realized that his two codefendants received an eight-year sentence whereas he had received a ten-year sentence. The basis for Nisonov's two grounds is the refusal of the trial court to allow him to withdraw his guilty plea and resentence him to half the original sentence as had occurred with codefendants Arrabi and Stepanski.  The factual predicate for his two grounds could not have been discovered until the trial court denied the state motions on April 13, 2006 (Respondent's Ex. 7). Accordingly, the instant petition is not untimely.

---

[5] As stated in *Lockyer*: "Thus , in this case, the only relevant clearly established law amenable to the "contrary to" or "unreasonable application" of framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the "exceedingly rare" and "extreme" case. *Id.* at 1001, 111 S.Ct. 2680 (KENNEDY, J., concurring in p art and concurring in judgment) (internal quotation marks omitted); see also *Solem v. Helm, supra*, at 290, 103 S.Ct. 3001; *Rummel v. Estelle*, 445 U.S. at 272, 100 S.Ct. 1133.  Since this sentence fell with legislative policy choices, he could not expect the federal court to intervene to correct a four as opposed to a ten-year sentence.  See *Ewing v. California*, 538 U.S. 11, 25, 123 S.Ct. 1179, 155 L.Ed.2d 2003 (2003)."

*Lockyer v. Andrade*, 538 U.S. at 73, 123 S.Ct. at 1173.

1:06 CV 1866                                         15

*Jurisdiction*:

Respondent also argues that the petition should be dismissed because Nisonov is not "in custody" for the challenged judgment argued in grounds one and two which challenge the 2006 denial of guilty plea withdrawal and reduction of sentence and did not challenge the constitutionality of the underlying 2003 conviction itself.  This is certainly an interesting argument but in reality Nisonov is challenging the continuation of his original ten-year sentence due to the trial court's refusal to accept his "me too" argument.


### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is recommended that the pending federal habeas corpus petition in this matter be dismissed on its merits. Following review of the petition and applicable law, petitioner has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  Petitioner has not demonstrated any error resulting in denial of fundamental fairness or cause to hesitate due to the probability of actual innocence.  There has been no demonstrated need for an evidentiary hearing.  It is recommended that petitioner's application for habeas corpus be denied.


                                    s/James S. Gallas
                                  United States Magistrate Judge

1:06 CV 1866                                        16

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: December 13, 2007